# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MELISSA J. CHURCH,
                Appellant,

        v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
SF-0752-15-0450-I-1

DATE: August 5, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher H. Bonk, Esquire, and Kevin L. Owen, Esquire, Silver Spring, Maryland, for the appellant.

Joshua Cumming and Robert J. Aghassi, Fort Irwin, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which reversed her termination and denied her affirmative defenses. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Effective March 9, 2015, the agency terminated the appellant from her competitive-service position as GS-6 Human Resources Assistant at the agency following an incident that occurred between the appellant, her husband, and a Staff Sergeant who worked in the same building as the appellant. Initial Appeal File (IAF), Tab 1 at 18. The agency terminated the appellant having determined that: (1) she was serving a probationary period; (2) her actions and personal conduct included the use of profanity and caused a "huge" disruption in the workplace; (3) a high-ranking company commander had to be called to remove her from the work area after she was asked to leave three times to de-escalate the situation, and she refused; and (4) she left her duty station without approval to attend to a personal matter. *Id.*

¶3        The appellant filed an appeal with the Board arguing that she was not a probationary employee and that the agency terminated her without due process. IAF, Tab 1. The appellant, who is a Caucasian woman married to an African-American man, also raised affirmative defenses of sexual harassment and discrimination based on her race, marital status, and national origin (the North County of San Diego, California). The appellant also alleged that she was discriminated against for being a smoker and that the agency committed

prohibited personnel practices in violation of 5 U.S.C. § 2032(b)(2), (b)(4), (b)(6), (b)(7), (b)(8), (b)(9)(A), (D), and (b)(10). IAF, Tabs 1, 5, 11, 14, 21, 29, 31. In her closing statement, the appellant also submitted an August 21, 2015 memorandum in which the agency canceled her termination, effective March 9, 2015. IAF, Tab 31 at 16-17.

¶4        Because the appellant withdrew her request for a hearing, the administrative judge issued a decision based on the written record. IAF, Tab 29. She found that the Board had jurisdiction over the appeal and reversed the agency's termination action. IAF, Tab 37, Initial Decision (ID). She found that the appellant met the definition of "employee" with appeal rights under 5 U.S.C. § 7511(a)(1)(A)(ii) because the appellant completed 1 year of current continuous service prior to her removal and that she had the right to notice of the proposed disciplinary action and the opportunity to respond. ID at 8. Because it was undisputed that the agency failed to provide the appellant with the required notice and opportunity to respond to the proposed disciplinary action, the administrative judge reversed the appellant's termination on due process grounds. ID at 10. The administrative judge also found that the Board retained jurisdiction over the appeal and that it was not moot, even though the agency rescinded the termination action, because the appellant raised a claim of discrimination with a request for compensatory damages. ID at 8-9. The administrative judge further found that the appellant failed to prove her affirmative defenses. ID at 10-31.

¶5        The appellant filed a petition for review challenging the administrative judge's finding that she did not prove her affirmative defense of race discrimination, and the agency responded in opposition to her petition. Petition for Review (PFR) File, Tabs 6, 9.[2]

---

[2] On review, the appellant does not appear to contest the administrative judge's decision reversing the termination action or her findings that the appellant failed to prove her affirmative defenses unrelated to her claim of race discrimination. PFR File, Tab 1. In addition, the agency, in its response to the petition for review, does not challenge the administrative judge's decision reversing the termination. PFR File, Tab 9. We decline to revisit these findings on review.

¶6      In finding that the appellant failed to prove her affirmative defense of race discrimination, the administrative judge properly applied the analytical framework set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015). ID at 11-12. The Board held in *Savage* that, when an appellant asserts an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e–16, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. 122 M.S.P.R. 612, ¶ 51. Such a showing is sufficient to establish that the agency violated 42 U.S.C. § 2000e–16, thereby committing a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). *Savage*, 122 M.S.P.R. 612, ¶ 51.

¶7      In making this initial showing, an appellant may rely on direct evidence or any of the three types of circumstantial evidence described in *Troupe v. May Department Stores Company*, 20 F.3d 734, 736-37 (7th Cir. 1994), either alone or in combination. *Savage*, 122 M.S.P.R. 612, ¶ 51. Those three types of circumstantial evidence are (1) a "convincing mosaic" of discrimination, i.e., suspicious timing, ambiguous oral or written statements, behavior toward or comments directed at other employees in the protected group at issue, and "other bits and pieces from which an inference of discriminatory intent might be drawn," (2) comparator evidence, and (3) evidence that the agency's stated reason for its action is unworthy of belief, such that it is a mere pretext for discrimination. *Savage*, 122 M.S.P.R. 612, ¶ 42 (quoting *Troupe*, 20 F.3d at 736-37). If the appellant meets her burden, the Board then will inquire whether the agency has shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e., that it still would have taken the contested action in the absence of the discriminatory or retaliatory motive. *Id.*, ¶ 51. If the Board finds that the agency has made that showing, its violation of 42 U.S.C. § 2000e–16 will not require reversal of the action. *Id*.

¶8    On review, the appellant argues that the evidence does not support the administrative judge's finding that she provided no evidence "that her removal was motivated in any way by her being Caucasian or being (by association) Black or African American."  PFR File, Tab 6 at 12-13.  The appellant argues that she proved her affirmative defense of race discrimination by association and that the administrative judge erroneously concluded that her termination was not motivated by race based on her "misreading" of the deciding official's affidavit. *Id*. at 13.  The appellant argues that, although the deciding official denied making statements about the appellant's race and her husband's social status, the deciding official did not deny making other alleged statements against her husband or against African Americans in general.  *Id*.  The appellant further argues that the administrative judge acknowledged that she presented some evidence of race discrimination by association. *Id*.

¶9    We find that the appellant's arguments on review amount to mere disagreement with the administrative judge's weighing of the evidence and that the administrative judge did not misread the deciding official's affidavit in finding that the appellant failed to prove her affirmative defense of race discrimination.  In her sworn affidavit, the deciding official stated, inter alia, that her decision to terminate the appellant "was not based on any discriminatory motive" including "her race etc."  IAF, Tab 32 at 16.  The deciding official also stated in her affidavit that she "never commented [on] nor discussed" the social status of the appellant's husband.  IAF, Tab 32 at 16.

¶10    The evidence considered by the administrative judge consisted entirely of out-of-court witness statements, and she evaluated the probative value of that hearsay evidence, including but not limited to the deciding official's sworn affidavit refuting the appellant's claims, based on the factors set forth in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981).  ID at 14.  Under *Borninkhof*, the following factors affect the weight to be accorded hearsay evidence:  (1) the availability of persons with firsthand knowledge to testify at

the hearing; (2) whether the statements of the out-of-court declarants were signed or in affidavit form, and whether anyone witnessed the signing; (3) the agency's explanation for failing to obtain signed or sworn statements; (4) whether declarants were disinterested witnesses to the events, and whether the statements were routinely made; (5) consistency of declarants' accounts with other information in the case, internal consistency, and their consistency with each other; (6) whether corroboration for statements otherwise can be found in the agency record; (7) the absence of contradictory evidence; and (8) the credibility of declarant when she made the statement attributed to her. 5 M.S.P.R. at 87.

¶11 The administrative judge found that the appellant withdrew her hearing request; accordingly, the witnesses could not provide hearing testimony. ID at 15. The administrative judge also found that all except one of the witnesses' statements were signed and made under the penalty of perjury. *Id*. The administrative judge found that the appellant and the deciding official were not disinterested witnesses and that their statements were contradictory. *Id*. The administrative judge found that the appellant failed to prove her claim of race discrimination because it was based entirely on double hearsay, which lacked sufficient reliability to have real probative value, and that she submitted only "sparse" evidence showing that her removal was motivated by her race (Caucasian) or by her association with a race (Black or African American). ID at 16. The administrative judge also found it significant that the appellant failed to submit corroborating evidence consisting of statements from disinterested witnesses substantiating the alleged race discrimination or contemporaneous evidence in diary or journal entries reflecting the alleged discriminatory comments. *Id*. at 15.

¶12 We find that the appellant submits no new, material, and previously unavailable evidence on review to support her allegations of race discrimination by association or based on her race. Although the appellant argues that the administrative judge erred in finding that she failed to prove that the agency's

stated reason for her termination was a pretext for race discrimination, we disagree. PFR File, Tab 6 at 8-11. She contends that her "mere reluctance to depart" from the scene of the disturbance "does not reasonably demonstrate affirmatively disruptive misconduct" and that the eyewitnesses' sworn statements do not support the agency's claim that her actions caused chaos or that she used inappropriate language. *Id*. at 9-10. She further argues that the administrative judge's decision relied "upon the possibility of testimony from an individual who provided no sworn statement, and the rebutted testimony from an individual not present at the time of the charged misconduct." *Id*. at 11. The appellant, however, has not shown that race discrimination, by association or otherwise, was a motivating factor in the agency's decision to terminate her. *See Savage*, 122 M.S.P.R. 612, ¶ 49.

¶13      Finally, we have also considered the appellant's other arguments and allegations of error on review, and we conclude that none of them form a basis for disturbing the administrative judge's thorough, well-reasoned decision reversing the appellant's termination and finding that she failed to prove the affirmative defenses that she raised on appeal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105−06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). We therefore deny the appellant's petition for review and affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues

of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after

receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.